UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ROCK CREEK CAPITAL, LLC,**

  Plaintiff,

v.  No. 4:22-CV-0907-P

**WILMINGTON TRUST NATIONAL ASSOCIATION, ET AL.,**

  Defendants.

## ORDER

This contract dispute arises out of the purchase of vehicle lease accounts. Cases like this one are decided every day in our Texas state courts. But the dockets of Texas federal courts have become increasingly clogged and stalled by the removal of this type of case over the past several years. The Court is of the opinion that Texas state courts are much better qualified to timely resolve these types of cases.[1] Further, the Court concludes that it lacks subject matter jurisdiction to resolve this case because the parties are not completely diverse.

## BACKGROUND

Plaintiff Rock Creek Capital, LLC alleges that Defendants committed fraud, breach of contract, and other tortious acts before, during, and after Plaintiff purchased vehicle lease accounts from one of the defendants. ECF Nos. 1 at 1–2; 1-3 at 3. Plaintiff filed suit on August 26, 2022, in the District Court of Tarrant County, Texas. ECF Nos. 1 at 1; 1-3 at 1. Defendant defi AUTO, LLC ("Defendant") was served on September 7, 2022, and removed the case to this Court on October 8, 2022. ECF No. 1.

---

[1] Having been a trial judge on a district court in Tarrant County and a justice on the Second Texas Court of Appeals, the undersigned can attest that the judges, justices, and juries in Texas are well-equipped to resolve this dispute in a timely and fair manner.

In its notice of removal, Defendant asserted that this Court had subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 3. But Defendant did not plead facts establishing complete diversity among the parties. *Id.* Strangely, Defendant acknowledged that Plaintiff is a limited liability company ("LLC") and accepted Plaintiff's assertion that it was a citizen of Wyoming and Texas (*id.*), given that Plaintiff stated in its complaint that it was formed in Wyoming and its principal place of business is in Texas (ECF No. 1-3 at 1). But two sentences later, Defendant correctly noted that the citizenship of an LLC is based on the citizenship of its members—information that appears nowhere in the filings before this Court. ECF No. 1 at 3. Even worse, Defendant—also an LLC—provided no information about the citizenship of its members either. Because of these missteps, the Court ordered briefing as to whether there was complete diversity among the parties. ECF No. 3.

The briefs were telling. Defendant conceded that there was *not* complete diversity among the parties because two of its members, BCV DS AIV, L.P. and BCV DS AIV, L.P. (the "Limited Partnerships"),[2] have "potentially thousands of confidential limited partners." ECF No. 16 at 4. By Defendant's own stipulation, at least one of the Limited Partnerships' partners "is a citizen of the State of Texas for diversity purposes," and thus—according to Defendant—there is not complete diversity among the parties. *Id.* Defendant then advanced its alternative argument from its notice of removal: Plaintiff improperly joined Defendant to the lawsuit to destroy diversity and prevent removal to federal court. *Id.* at 6.

The Court now considers sua sponte whether it has jurisdiction over this case and concludes that it does not.

---

[2]For simplicity, the Court refers to BCV DS AIV, L.P. and BCV DS AIV, L.P. as Defendant's members, even though there is one degree of separation between them. The true nature of Defendant's organization is as follows: Defendant has one member, defi SOLUTIONS Group, LLC. ECF No. 16 at 4. defi SOLUTIONS Group, LLC has five members, two of which are the Limited Partnerships—BCV DS AIV, L.P. and BCV DS AIV, L.P. *Id.*

## LEGAL STANDARD

In our Republic, where authority flows from the states to the federal government, the "the ordinary administration of criminal and civil justice" is left to the state courts, not the federal courts. FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius"); *cf. Letter from Thomas Jefferson to James Madison* (Mar. 15, 1789), in THE LIFE AND SELECTED WRITINGS OF THOMAS JEFFERSON 426 (Adrienne Koch & William Peden, eds., 2004 Modern Library Paperback ed.) (1944) (the federal "judiciary . . . is a body, which, if rendered independent and kept strictly to their own department, merits great confidence for their learning and integrity."). Accordingly, "[f]ederal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Pidgeon v. Parker*, 46 F. Supp. 3d 692, 697 (S.D. Tex. 2014) ("These limits, based on respect both for other branches of government and for the state courts, must be respected.").

For diversity jurisdiction to exist, all parties must be completely diverse. 28 U.S.C. § 1332(a); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). This means that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin*, 376 F.3d at 353 (citation omitted). Importantly, federal courts "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Due to this presumption against federal jurisdiction, the removal statute is to be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (cleaned up). Additionally, the Court must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in Plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

"[T]he citizenship of a[n] LLC [and a limited partnership] [are] determined by the citizenship of all of its members [or partners]." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In contrast, a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

## ANALYSIS

As an initial matter, the Court notes that a defendant must file its notice of removal within 30 days after receiving either a copy of the complaint or the service of summons, whichever is shorter. 28 U.S.C. § 1446(b)(1). Here, Defendant states that it was served on September 7, 2022. ECF No. 1 at 1. Defendant did not file its notice of removal until October 8, 2022—31 days later. *Id.* The Court may well have remanded this case based on Defendant's untimely notice of removal if Plaintiff had moved to remand within 30 days of removal. 28 U.S.C. § 1447(c). Rather than wait for Plaintiff's motion, however, the Court must remand this case because Defendant has not met its burden of establishing subject matter jurisdiction.

Despite ordering briefing on subject matter jurisdiction, two problems with Defendant's assertion of diversity jurisdiction remain: *First*, there are no facts establishing Plaintiff's citizenship. *Second*, Defendant was not improperly joined.

As noted above, Plaintiff is an LLC and asserted in its state court complaint that it was organized in Wyoming and its principal place of business is in Fort Worth, Texas. ECF No. 1-3 at 1. But, as Defendant acknowledged, the citizenship of an LLC is based on the citizenship of its members. *Harvey*, 542 F.3d at 1080; ECF No. 1 at 3. Defendant provided no information about the citizenship of Plaintiff's members in its notice of removal or in its court-ordered briefing on the issue. *See generally* ECF Nos. 1 & 16. Because the Court gave Defendant an opportunity to replead and it still failed to meet its burden of establishing the Court's subject matter jurisdiction, *Getty Oil Corp.*, 841 F.2d at 1259, the Court is "doubt[ful] about the propriety of removal,"

4

which "must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82.

Even if Defendant could successfully assert facts establishing Plaintiff's citizenship, remand is still warranted because its improper joinder argument fails on the law, too. There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the second way of establishing improper joinder is at issue. *See* ECF No. 16 at 6–8. "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant . . . ." *Smallwood*, 385 F.3d at 573.

There are two ways to analyze this test: "The [C]ourt may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Or the Court, in its discretion, may "pierce the pleadings and conduct a summary inquiry" in the rare case that "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.*

Defendant contends that it was not the "servicer of record for all of the [l]eases" purchased by Plaintiff, thus Plaintiff has no possibility of recovery against it. ECF No. 16 at 6–7. Defendant's contention that it was not involved in Plaintiff's purchase of the leases is a question of fact, given that Plaintiff asserts Defendant provided Plaintiff with false and incomplete data relating to the leases. ECF Nos. 1-3 at 8–11; 15 at 5–6. The Court cannot say at this time that Defendant's bare assertion shows that "there is no possibility of recovery by" Plaintiff. The Court needs evidence to substantiate Defendant's involvement—or lack thereof—in Plaintiff's purchase of the leases before concluding that Plaintiff has "no possibility of recovery." On this point alone, remand is warranted.

Finally, the Court finds it notable that Defendant changed the entire basis for removing this case in its court-ordered jurisdictional briefing. *Compare* ECF No. 1 *with* ECF No. 16. Its argument is confusing.

5

Defendant first contended that there was complete diversity among the parties. ECF No. 1 at 3–7. It then stated in its court-ordered brief that it "became aware of at least one" of the Limited Partnerships' partners is a Texas citizen, thus allegedly destroying diversity.

Attempting to salvage its attempt at removal, Defendant pivoted to its alternative argument that it was improperly joined to destroy diversity. ECF No. 16 at 6. Not only does the Court *still* not know whether the Texas limited partners would destroy diversity, given the lack of information about Plaintiff's citizenship, it is nonsensical to assert that Defendant was improperly joined to prevent removal when Defendant itself did not know the citizenship of its members at the time of removal. In other words, if Defendant did not know its members' citizenship, how could Plaintiff? Not to mention, the Limited Partnerships kept the identity of its partners *confidential*. Because there was no apparent way for Plaintiff to know Defendant's citizenship when it sued (ECF No. 16 at 4), it therefore could not have joined Defendant to destroy diversity.

## CONCLUSION

As Chief Justice John Marshall recognized over two-hundred years ago, the duty of federal courts "to exercise jurisdiction where it is conferred, and not to usurp it where it is not conferred, are of equal obligation." *Bank of U.S. v. Deveaux*, 9 U.S. 61, 87, 5 Cranch 6 38 (1809), *overruled in part by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497, 2 How. 497, 11 L. Ed. 353 (1844).[3]

---

[3]Thomas Jefferson also warned of the dangers of federal judges usurping authority in matters reserved for the states. Late in his life, he wrote:

> It has long however been my opinion, and I have never shrunk from its expression, . . . that the germ of dissolution of our federal government is in the constitution of the federal judiciary; . . . working like gravity by night and by day, gaining a little to-day and a little tomorrow, and advancing it's noiseless step like a thief, over the field of jurisdiction, until all shall be usurped from the states, and the government of all be consolidated into one. To this I am opposed; because whenever all government, domestic and foreign, in little as in great things, shall be drawn to Washington as the center of all power, it will render powerless the checks provided of

For these reasons, the Court herby **ORDERS** that this case is **REMANDED** to the District Court of Tarrant County, Texas. The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the District Court of Tarrant County, Texas.

**SO ORDERED** on this **7th day of November 2022**.

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

one government on another, and will become as venal and oppressive as the government from which we separated.

*Letter from Thomas Jefferson to Charles Hammond* (August 18, 1821), *in* 15 THE WRITINGS OF THOMAS JEFFERSON 330–33 (Albert Ellery Bergh Ed.) (1905).